IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Plaintiff,

vs.

BELL'S FOOD MARKET and JAMES FAYNE EDWARDS,

    Defendants.

CASE NO. 3:17-CV-4 (CDL)

## O R D E R

Defendant James Edwards tripped over a freeze-pop display at Defendant Bell's Food Market. He fell and broke his hip. Bell's liability insurance carrier, Plaintiff Nationwide Mutual Insurance Company, does not want to defend Mr. Edwards's claim against Bell's or pay the claim if Bell's is found liable to Mr. Edwards. Nationwide therefore filed a declaratory judgment action claiming that no coverage exists under its insurance policy because it received late notice of the claim. Presently pending before the Court is Nationwide's motion for summary judgment.

Viewed in the light most favorable to Bell's, the present record establishes that Mr. Edwards refused to help store employees complete an incident report; was adamant that the fall was his fault; and told Bell's managers that he would not make a

claim against Bell's. Mr. Edwards's son, a Bell's employee, later confirmed to Bell's managers that Mr. Edwards did not intend to make a claim against Bell's. Months later, Mr. Edwards changed his mind and decided to make a claim against Bell's. At that time, Bell's notified its insurance agent of the incident.

Bell's was insured under a commercial lines insurance policy issued by Nationwide. Under the policy, Bell's had a duty to notify Nationwide as soon as practicable of an occurrence that may result in a claim. Under Georgia law, in most cases, "the reasonableness of a failure to give notice is a question for the finder of fact." *Forshee v. Employers Mut. Cas. Co.*, 711 S.E.2d 28, 31 (Ga. Ct. App. 2011); *accord Plantation Pipeline Co. v. Royal Indem. Co.*, 537 S.E.2d 165, 167 (Ga. Ct. App. 2000). The nature and circumstances of the incident will determine whether an insured is justified in failing to notify the insurer of a potential claim. *Forshee*, 711 S.E.2d at 31. "Relevant circumstances include the nature of the event, the extent to which it would appear to a reasonable person in the circumstances of the insured that injuries or property damage resulted from the event, and the apparent severity of any such injuries or damage." *Id.* "A court also properly may consider whether anyone gave an indication that he

intended to hold the insured responsible for the event and resulting injuries . . . ." *Id.*

Based on the record viewed in the light most favorable to Bell's—as the Court must view the record at this stage in the litigation—there is a jury question on whether Bell's unreasonably delayed giving Nationwide notice of Mr. Edwards's potential claim.[1] Nationwide's summary judgment motion (ECF No. 23) is thus denied.[2]

IT IS SO ORDERED, this 1st day of September, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court considered the cases Nationwide cited in its brief, including *Brit UW Ltd. v. Hallister Property Development, LLC*, 6 F. Supp. 3d 1321 (N.D. Ga. 2014). *Brit*, which is not binding precedent, is distinguishable from this case because the insured in *Brit* merely assumed that the injured person would not bring a claim. In contrast, here, the evidence viewed in the light most favorable to Bell's suggests that the injured party affirmatively, unequivocally, and repeatedly stated that the fall was his fault and that he did not intend to bring a claim against Bell's.

[2] Nationwide's Motion for Default Judgment as to Defendant James Edwards (ECF No. 22) is denied without prejudice at this time. Bell's motion for leave to file a sur-reply in opposition to summary judgment (ECF No. 33) is denied as moot.

3